IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Progressive Northern Insurance Company,<br><br>      Plaintiff,<br><br>v.<br><br>Selective Way Insurance Company, LLC, M&S Timber, LLC, A Grade Above, LLC, Randy Wilson, Maria Batres, Adriana Navarette Cruz, Elleigh Dawson, John Tucker, Charles Sink, Peggy McAbee, Ronald Duncan, Barry Hester, Gary Abbe, James McAbee, Brett Cooper<br><br>      Defendants. | **COMPLAINT FOR DECLARATORY RELIEF** |

The Plaintiff, Progressive Northern Insurance Company, complaining of the Defendants herein, would show unto this Honorable Court as follows:

**Parties, Jurisdiction, and Venue**

1. Progressive Northern Insurance Company ("Progressive") is a corporation organized under the laws of the State of Wisconsin with its principal place of business in Ohio.

2. Upon information and belief, Defendant Selective Way Insurance Company (hereinafter "Selective"), is a corporation organized and existing pursuant to the laws of the State of New Jersey, with its principal place of business in New Jersey and is engaged in the insurance business and conducts business in Greenville County, South Carolina.

3. Upon information and belief, Defendant M&S Timber, LLC ("M&S Timber") is a limited liability company organized and existing pursuant to the laws of the State of South Carolina, and conducts business in Greenville County, South Carolina.

4.	Upon information and belief, Defendant A Grade Above, LLC ("AGA") is a limited liability company organized and existing pursuant to the laws of the State of South Carolina, and conducts business in the Greenville County, South Carolina.

5.	Upon information and belief, Defendant Randy Wayne Wilson is a citizen and resident of Greenville County, South Carolina.

6.	Upon information and belief, Defendant Maria Batres is a citizen and resident of Greenville County, South Carolina.

7.	Upon information and belief, Defendant Adriana Navarette Cruz is a citizen and resident of Greenville County, South Carolina.

8.	Upon information and belief, Defendant Elleigh Dawson is a citizen and resident of Caddo Parish, Louisiana.

9.	Upon information and belief, Defendant Brett Cooper is a citizen and resident of Greenville County, South Carolina.

10.	Upon information and belief, Defendant John Tucker is a citizen and resident of Greenville County, South Carolina.

11.	Upon information and belief, Defendant Charles Sink is a citizen and resident of Greenville County, South Carolina.

12.	Upon information and belief, Defendant Peggy McAbee is a citizen and resident of Greenville County, South Carolina.

13.	Upon information and belief, Defendant Ronald Duncan is a citizen and resident of Greenville County, South Carolina.

14.	Upon information and belief, Defendant Barry Hester is a citizen and resident of Greenville County, South Carolina.

15. Upon information and belief, Defendant Gary Abbe is a citizen and resident of Greenville County, South Carolina.

16. Upon information and belief, Defendant James McAbee is a citizen and resident of Greenville County, South Carolina.

17. Defendants Maria Batres, Adriana Navarette Cruz, Elleigh Dawson, Brett Cooper, John Tucker, Charles Sink, Peggy McAbee, Ronald Duncan, Barry Hester, Gary Abbe, and James McAbee are hereinafter collectively referred to as "Claimants."

18. This is an action for declaratory judgment pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 and Federal Rules of Civil Procedure, Rule 57, for the purposes of determining a question of actual controversy between the parties as hereinafter more fully appears.

19. Jurisdiction is proper in this Court, pursuant to 28 U.S.C. § 1332, because the Plaintiff and Defendants are citizens of different states and the amount in controversy exceeds $75,000 exclusive of interest and costs.

20. Venue is proper in this District pursuant to §1391(b)(2), because a substantial part of the events giving rise to the claims for coverage under the policy issued by Progressive to Defendant M&S Timber occurred within this District.

**Factual Background**

21. On or about December 30, 2016, Defendant Wilson was operating a 1989 Peterbilt tractor with VIN 1XP5DB9X4KN268138 ("the Tractor") on behalf of Defendant M&S Timber and transporting property in interstate commerce. While operating the Tractor in Greenville County, South Carolina, Defendant Wilson was involved in an accident ("the Accident") with several other motor vehicles and a building.

22. At all times relevant to the Accident, Defendant Wilson was allegedly the employee, agent, or servant of Defendant M&S Timber.

23. The Tractor was owned by Defendant AGA. The Defendant M&S Timber leased or rented the Tractor from the AGA for the period of December 27, 2016 to January 7, 2017 pursuant to a written agreement. The Tractor was leased to serve as temporary replacement vehicle for another of M&S Timber's vehicles that was undergoing repairs.

24. The trailer involved in the accident ("the Trailer") was not owned by AGA. It was owned by M&S Timber or leased/borrowed by the M&S Timber from a third-party.

25. As a result of the Accident, the Claimants allegedly suffered bodily injuries and/or property damage ("the Loss").

**The Selective Policy**

26. At the time of the Accident, Defendant AGA was insured under a Commercial Auto Policy issued by Selective to AGA (Policy No. S 2218809) (hereinafter "the Selective Policy") with a Policy Period of April 21, 2016 to April 21, 2017, and having combined single liability limits of $1,000,000. A copy of the Selective Policy, its endorsements, and its declaration pages is attached to this Complaint as **Exhibit A.**

27. Pursuant to Section II.A of the Progressive Policy, the policy provides liability coverage for all sums an "insured" must pay as damages because of bodily injury or property damage to which the policy applies, caused by an accident and resulting from the ownership, maintenance, or use of a "covered auto."

28. Pursuant to Section II.A.1 of the Selective Policy, an "insured" includes, subject to certain exceptions, anyone using a "covered auto" that Defendant AGA owns, hires, or borrows with the permission of Defendant AGA.

29. Pursuant to Section I and the Coverage Schedule of Declarations Page of the Selective Policy, "any auto" is a "covered auto" for purposes of liability coverage under the Selective Policy.

30. Defendant Wilson qualifies an "insured" under Section II.A.1 of the Selective Policy because he was using the Tractor owned by AGA with AGA's permission.

31. The Tractor is a "covered auto" under Section I and the Coverage Schedule of the Declarations Page of the Selective Policy because it is an auto owned by AGA.

32. The Loss is therefore covered under the Selective Policy because the Tractor was a "covered auto" owned by Defendant AGA and Defendant Wilson was an "insured".

## The Progressive Policy

33. At the time of the Accident, Defendant M&S Timber was insured under a Commercial Auto Policy issued by Progressive to M&S Timber (Policy No. 01412102-2) (hereinafter "the Progressive Policy") with a policy period of March 19, 2016 to March, 19 2017, and having combined single liability limits of $1,000,000. A copy of the Progressive Policy, its endorsements, and its declaration pages is attached to this Complaint as **Exhibit B**.

34. Pursuant to Part I of the Progressive Policy, it provides liability coverage for bodily injury or property damage that an "insured" becomes legally responsible to pay because of an accident arising from the use of an "insured auto."

35. Part I.A.2 of the Progressive defines an "insured" as including, subject to certain exceptions, any person using an "insured auto" that M&S Timber owns, hires, or borrows if that use was with the permission of M&S Timber and within the scope of that permission.

36. The GENERAL DEFINITIONS Section and Part I.B.3 of the Progressive Policy defines an "insured auto" as including any auto specifically described in the policy's declarations page or a "temporary substitute auto."

37. The GENERAL DEFINITIONS Section of the Progressive Policy defines a "temporary substitute auto" as an auto used with the owner's permission as temporary substitute for an "insured auto" that has been withdrawn from normal use due to breakdown or repairs.

38. Defendant Wilson is an "insured" under Part A.2.I of the Progressive Policy because he was using an "insured auto" with the permission of M&S Timber within the scope of that permission.

39. The Tractor is an "insured auto" under the GENERAL DEFINITIONS Section and Part I.B.3 of the Progressive Policy because it was as an auto owned by AGA and used with AGA's permission as temporary substitute for one of M&S Timber's insured autos that had been withdrawn from normal use due to breakdown or repairs.

40. The Loss is therefore covered under the Progressive Policy because the Tractor was an "insured auto" and Defendant Wilson was an insured.

## Priority of Coverage Between the Policies

41. A number of the Claimants have made claim(s) under the Progressive Policy and Selective Policy and/or filed the lawsuits against Defendants Wilson, M&S Timber, and AGA.

42. Because the Loss is covered under both the Selective Policy and the Progressive Policy, there is question as to the priority of coverage for the Loss between the two the policies.

43. Pursuant to South Carolina law, the priority of coverage between two policies is determined by the language of the insurance policies when the "other insurance" clauses are not mutually repugnant.

44. The Selective Policy's "other insurance" clause is set forth in Section IV, B.5 and provides:

> a. For any covered "auto" you own, this coverage provides primary insurance. For any covered auto you don't own, the insurance provided by this coverage form is excess over any other collectible insurance. However, while a covered auto which is a "trailer" is connected to another vehicle, the Liability Coverage this coverage for provides for the "trailer":
>
> (1) Excess while it is connected to a motor vehicle you do not own.
>
> (2) Primary while connected to an "auto" you own.

45. The Progressive Policy's "other insurance" clause is set forth in Section IV, B.5 and provides:

> a. For any insured auto that is specifically described in the declarations page, this policy provides primary coverage. For an insured auto which is not specifically described on the declarations page, coverage under this policy will be excess over any other valid and collectable insurance, whether primary, excess or contingent. However, if the insured auto which is specifically described on the declarations page is a trailer, this policy will be primary only if the trailer is attached to an insured auto that is a power unit you own and is specifically described on the declarations page, and excess in all other circumstances.

46. Pursuant to the terms of the "other insurance" clauses in the Selective Policy and the Progressive Policy, the Selective Policy provides primary coverage for the Loss because the Tractor was owned by AGA and the Progressive Policy provides excess coverage because the Tractor was not specifically described in the declarations page of the Progressive Policy.

## FOR A FIRST CAUSE OF ACTION
**(Declaratory Judgment)**

47. Plaintiff restates the foregoing allegations of this Complaint and incorporates the same herein by reference.

48. The Selective Policy provides primary coverage for the Loss.

49. The Progressive Policy provides excess coverage for the Loss.

50.     Progressive is entitled to an Order of this Court holding that the Selective Policy provides primary coverage for the Loss and the Progressive Policy provides excess coverage for the Loss.

WHEREFORE, Progressive prays that the Court enter judgment in its favor as set forth hereinabove and for such other and further relief as is just and proper.

Respectfully submitted this 17th day of April, 2018.

                    s/Robert D. Moseley, Jr.
                    Robert D. Moseley, Jr. (Fed ID #5526)
                    Robert T. Green (Fed ID #11326)
                    Smith Moore Leatherwood, LLP
                    2 W. Washington Street, Suite 1100
                    Greenville, South Carolina 29601
                    Telephone: (864) 751-7600
                    Facsimile: (864) 751-7800

*Attorneys for Plaintiff*